UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACTORA MECONN BANKHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-02267-JPH-CSW |
| ) | |
| D. REAGLE Warden, ) | |
| J. ERNEST Capt., ) | |
| J. JACKSON Lt., ) | |
| BROWN Sgt., ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT, DENYING MOTION FOR COUNSEL, AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Actora Bankhead is an inmate at Pendleton Correctional Facility. He has filed this action alleging that Pendleton staff Warden Dennis Reagle, Captain J. Ernest, Lieutenant J. Jackson, and Sergeant Brown have imposed cruel and unusual punishment against him. Because Plaintiff is a prisoner, this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). As explained below, Plaintiff's claims **shall proceed** against all Defendants. Additionally, Plaintiff has filed a motion to appoint counsel, dkt. [3], which is **denied**.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). "The Federal Rules of Civil Procedure do not require a plaintiff to allege legal theories or even facts corresponding to each element of a claim. . . . This is especially true for litigants proceeding without an attorney." *Sargeant v. Barfield*, 87 F.4th 358, 361 (7th Cir. 2023).

## II.  The Complaint

Plaintiff alleges that since May 2023, he has been housed in G cell house ("G-house") at Pendleton, which is a segregation unit. During that time and up until the filing of this complaint in December 2023, Pendleton staff has only been allowing out-of-cell recreation for G-house inmates for one hour per week, and sometimes less often than that. Indiana Department of Correction policy provides that inmates should have at least one hour of out-of-cell recreation five days a week. Plaintiff has complained about the lack of recreation to Captain J. Ernest, Lieutenant J. Jackson, and Sergeant Brown, who have told him that he needs "to stop bitching about it everyday. That they'll give it to us when they

want to give it to us." Dkt. 1, p. 4. Plaintiff has written to Warden Reagle[1] about the lack of recreation, and Plaintiff also believes counselors and a psychiatrist have talked to Reagle about it, but nothing has been done.

Plaintiff alleges that nine inmates have committed suicide in G-house in recent months due at least in part to the mental strain caused by the lack of recreation, with many more attempted suicides. He also asserts that "[a]t my age and my mental status, I look forward to Recreation. In fact, I need it. It helps me decompress and all the officers know this." *Id.*

In the "relief wanted" section of Plaintiff's complaint, he states that he is seeking $250,000 in damages for "pain and suffering." *Id.* at 6. He does not seek injunctive relief.

### III. Discussion of Claims

Plaintiff's complaint sufficiently states claims against all Defendants for a violation of his Eighth Amendment right to be free from cruel and unusual punishment. The Seventh Circuit has held that exercise is a necessity under the Eighth Amendment: "exercise is no longer considered an optional form of recreation, but is instead a necessary requirement for physical and mental well-being." *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). *See also Davenport v. DeRobertis*, 844 F.2d 1310 (7th Cir. 1988) (upholding district court injunction mandating that prisoners in segregation receive at least five hours per week of out-of-cell recreation). The Seventh Circuit also has said that it is "wrong" to

---

[1] It appears that Reagle is no longer the warden at Pendleton and that that Trent Allen has taken his place. However, because Plaintiff states a claim for damages against Reagle in his individual capacity he shall remain a named defendant in this action.

3

require an inmate to show physical injury in the context of a claim alleging an unconstitutional deprivation of recreation, though some injury must be alleged and proven. *Delaney*, 256 F.3d at 685. Additionally, Plaintiff has sufficiently alleged personal involvement by all Defendants in violating his Eighth Amendment rights.

Although physical injury is not required to proceed on a lack-of-recreation claim, the Prisoner Litigation Reform Act states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. 1997e(e). This provision bars a prisoner's recovery of compensatory damages for purely mental and emotional injury that is not accompanied by any physical injury. *Calhoun v. Detella*, 319 F.3d 936, 940 (7th Cir. 2003). A prisoner who establishes an Eighth Amendment violation without resulting physical injury may, however, pursue nominal and punitive damages and injunctive relief. *Id.* at 942. Plaintiff has not alleged any physical injury. But, the Court liberally construes Plaintiff's pro se complaint as seeking nominal and punitive damages against the Defendants. *See Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (construing pro se complaint seeking $1 million in "monetary relief" as a request for punitive damages).

### IV. Motion for Counsel

Plaintiff has also filed a motion seeking appointment of counsel. The motion is drafted on an Indiana state court form seeking assignment of counsel for a pro se civil litigant. It does not provide sufficient information to decide

whether counsel should be appointed because it does not, for example, address Plaintiff's educational or litigation history. As such, the motion, dkt. [3], is **denied**. The **clerk is directed** to attach this Court's standard motion for assistance with recruiting counsel form to Plaintiff's copy of this Order.

### V. Conclusion and Service of Process

Part III of this Order includes all viable claims identified by the Court. If Plaintiff believes the complaint contains additional viable claims, he may identify those claims in a separate filing by **April 5, 2024**.

The clerk is directed pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants Reagle, Ernest, Jackson, and Brown. Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the defendants electronically.

This Order does not preclude the filing of a motion under Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 3/7/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ACTORA MECONN BANKHEAD
914468
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to IDOC defendants at or formerly at Pendleton Correctional Facility:

    Dennis Reagle
    Captain J. Ernest
    Lieutenant J. Jackson
    Sergeant Brown