UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACTORA MECONN BANKHEAD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-02267-JPH-CSW |
| D. REAGLE, et al., | ) ) ) |
| Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff Actora Bankhead has filed a motion for assistance recruiting counsel. Dkt. 21. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655–56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff has attempted to contact multiple attorneys with requests for representation without success. *See* dkt. 21-1. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655).

2

"The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan*, 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

This case is in its earliest stage. Defendants have not yet appeared and answered Plaintiff's complaint. Plaintiff has a seventh-grade education and no issues reading or writing English. At this stage, the nature of the issue (specifically that the defendants denied him adequate recreation) does not appear to be complex. Based on Plaintiff's clear and comprehensible filings to date, his use of the Court's processes, the non-complex nature of the issues, and his familiarity with the factual circumstances of his claims, the Court finds that Plaintiff is competent to litigate on his own.

Accordingly, the Court will not attempt to recruit counsel to represent Plaintiff at this time. As the action proceeds, Plaintiff may file a renewed motion for assistance recruiting counsel. The Court will also remain alert to

additional circumstances, such as a settlement conference or a trial, that may warrant reconsideration of Plaintiff's motion. Plaintiff's motion for assistance recruiting counsel, dkt. [21], is **DENIED without prejudice**.

**SO ORDERED.**

Date: 10/21/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

ACTORA MECONN BANKHEAD
914468
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only